GARY E. ZINK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zink v. Commissioner
Docket No. 30142-89
United States Tax Court
T.C. Memo 1990-634; 1990 Tax Ct. Memo LEXIS 704; 60 T.C.M. (CCH) 1442; T.C.M. (RIA) 90634; December 17, 1990, Filed *704 An appropriate order and decision will be entered. Gary E. Zink, pro se. Gregory Arnold, for the respondent. FAY, Judge. FAY
*2075 MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *705 OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings pursuant to Rule 120 and for an award of damages under section 6673. In three notices of deficiency, respondent determined deficiencies in income taxes and additions to tax due from petitioner as follows: YEAR
DEFICIENCY
SEC. 6651(a)(1)
SEC. 6653(a)(1)
SEC. 6654(a)
SEC. 6661(a)
1984
$ 7,261.00
$ 1,815.25
$ 363.05 *
$ 456.51
$ 1,815.25
1985
16,767.34
3,661.58
838.37 *
808.06
3,661.58
SEC. 6653(a)(1)(A)
1986
14,214.48
3,380.87  710.72 **
645.24
3,380.87
*2076 The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to report *706 various items of income. Petitioner resided in California when he filed his petition in this case. The petition in this case is a familiar one to this Court, having been observed in other cases filed by tax protestors. Petitioner alleges that he is a citizen of the State of California, an American citizen not living abroad, and exempt from the direct unapportioned tax. He concedes that in 1984, 1985, and 1986 he earned his living as a special effects coordinator for the movie industry, working for various corporations doing business within the State of California. In petitioner's allegations of error, he contends that respondent erroneously determined that he was living abroad, and that he was engaged in a taxable activity. He also alleged that respondent failed to provide petitioner with adequate notice and a meaningful opportunity to be heard at the administrative level, and that respondent has arbitrarily attached the appellation of "tax protestor" to petitioner. In addition he alleged that he has been deprived of his procedural safeguards under the Constitution of the United States, and that respondent is erroneously maintaining information with regard to petitioner. Petitioner's *707 assignments of errors and statements of fact contain worn-out tax protestor arguments that have been disguised as legitimate Constitutional concerns and consistently rejected by this Court and others. We rejected these arguments as irrelevant numerous times, and our rational for doing so does not bear repeating once more. See our recent opinion in Boyce v. Commissioner, T.C. Memo 1990-555. The short answer to petitioner's arguments is that he is not exempt from Federal income tax. Respondent's motion will be granted. [2]
*708 Petitioner also filed a Motion to Defer Consideration of Respondent's Motion for Summary Type Judgement (sic) to permit discovery pursuant to Rule 121. In that motion petitioner seeks to demonstrate the need to obtain documentation from respondent which respondent used in making respondent's allegations in the Motion for Judgment on the Pleadings. It is unclear from petitioner's motion the specific nature of the information which he would seek in a discovery proceeding. It appears not one item concerning respondent's determination of petitioner's taxable income is sought. Instead petitioner seeks items concerning the procedures utilized by respondent. It is well established that this Court will not generally explore the underpinnings of the notice of deficiency to examine respondent's administrative policy, motives, procedures, or evidence used in arriving at the determination of the deficiency. Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984); Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Accordingly, petitioner's Motion to Defer Consideration will be *709 denied. Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous or groundless, or that the proceeding was instituted or maintained primarily for delay, a penalty in an amount not in excess of $ 25,000 may be awarded to the United States by this Court in its decision. Section 6673(a). We find that petitioner's conduct compels the awarding of a penalty to the United States under section 6673. Petitioner adamantly continues to raise the same unfounded tax protestor arguments which we have continually rejected. Therefore respondent's request for a penalty under section 6673 will be granted and, accordingly, we require petitioner to pay a penalty of $ 10,000 to the United States. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Plus 50% of the interest due on the entire underpayment under section 6653(a)(2).↩
**. Plus 50% of the interest due on the entire underpayment under section 6653(a)(1)(B).↩
2. Petitioner also filed a Motion and Demand for a Fair Trial, repeating his tax protestor arguments plus contending that respondent's procedures violated the Administrative Procedure Act, 5 U.S.C. sec. 551 et seq, and that he was entitled to a fair trial under 5 U.S.C. sec. 706 (1988). Based upon the pleadings, there are no issues which warrant a trial. Moreover, it has been held that this Court lacks jurisdiction under 5 U.S.C. sec. 706 to review the "record" of respondent's action at the administrative level. O'Dwyer v. Commissioner, 266 F.2d 575, 580 (4th Cir.1959), affg. 28 T.C. 698↩ (1957). Petitioner's motion is denied.